■ FIRST NATIONAL BANK AND TRUST COMPANY OF ELLENVILLE, Respondent-Appellant, v. CLASSIC COLLATERAL CORP. et al., Appellants-Respondents.— Cross appeals from a judgment of the Supreme Court in favor of plaintiff, entered June 21, 1973 in Ulster County, upon a decision of the court at a Trial Term, without a jury. This is an action to recover on a promissory note in the sum of $50,000 made by defendant Classic Collateral Corp. and payable to plaintiff. The individual defendants are indorsers on the note. After service of a summons and complaint, defendants served both an answer and an amended answer. The case was ultimately reached for trial, and after several adjournments, a day was set for trial. On the prescribed day defendants asked for another adjournment, but the court denied the request and ordered the case tried forthwith. Defendants took no part in the trial, and judgment was awarded to plaintiff against all defendants. This appeal from the judgment ensued. Defendants raise several issues in urging a reduction in the amount of the judgment. Plaintiff contends, among other things, that defendants may not appeal from a default judgment. With this contention we agree. An examination of the record reveals that the attorney who appeared before the court for defendants' new trial counsel, concededly, did not intend to participate in the

trial, as evidenced by the fact that he appeared without the necessary file. His sole purpose in appearing was to request an adjournment. It cannot be said, therefore, that he participated in any way in the trial. Under the circumstances here presented, we conclude that defendants' failure to proceed with the trial constituted a default (CPLR 3215; see 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3215.02), and it has been clearly established that no appeal lies from such a judgment (CPLR 5511; *Stehlik* v. *City of New York*, 22 A D 2d 777; *Pearlson* v. *Javits*, 19 A D 2d 729). The proper procedure was for defendants to apply to the court to open their default and then appeal from any denial of the motion. In view of our determination, it is unnecessary to pass upon the other issues raised by the parties. Appeal dismissed, with costs to respondent-appellant. Staley, Jr., J. P., Greenblott, Sweeney, Kane and Reynolds, JJ., concur.