■ ANNA ZALDIN et al., Appellants, v KIAMESHA CONCORD, INC., Sued Herein as CONCORD HOTEL, Respondent.—Appeals (1) from an order and judgment of the Supreme Court at Trial Term, entered October 23, 1979 in Sullivan County, which denied an application by plaintiffs for adjournment and dismissed the complaint on the merits for failure to proceed to trial, and (2) from an order of the Supreme Court at Special Term, entered March 26, 1980 in Sullivan County, which denied a motion by plaintiffs to vacate both the order of dismissal and the judgment entered thereon. The plaintiffs commenced this action seeking damages allegedly caused by a burglary of the accommodations provided by defendant. The causes of action at issue herein sought damages for psychological injury and mental anguish, as well as for loss of consortium. It should also be noted that the burglary occurred as the plaintiffs were sleeping. The issues were scheduled for trial on October 17, 1979, and on October 16, 1979 the plaintiffs' attorney sought an adjournment on the ground that an appeal in a companion action for property loss was pending in the Court of Appeals. That request was denied in the absence of an order of stay. On October 17, 1979 the plaintiffs' attorney appeared and again sought an adjournment, based on a brief letter from one of the plaintiff's physicians stating that an appearance by Mr. Zaldin "in the court may be detrimental to his health." The court denied the motion for adjournment and, when plaintiffs' attorney refused to proceed to trial because he was not ready to proceed, the complaint was dismissed for want of prosecution (CPLR 3216) and judgment was entered thereon pursuant to CPLR 3215. It is noted that there was no request for

adjournment on behalf of Anna Zaldin, and the matter was treated by the court as appropriate for default judgment. Accordingly, the order entered on October 23, 1979 is not appealable *(First Nat. Bank & Trust Co. of Ellenville v Classic Collateral Corp.,* 44 AD2d 868). On or about November 16, 1979 the plaintiffs followed the appropriate procedure of moving to vacate the default judgment and the underlying order dismissing their complaint. Special Term denied that motion, stating: "Moreover, with respect to the excuse put forward for the default, the court notes that no explanation has been advanced as to why plaintiff Anna Zaldin could not attend the trial. With respect to the excuse proffered on behalf of Abraham Zaldin, movants now come forward with an affidavit of Dr. Robbin to substantiate that excuse. Movants' counsel fails to set forth any reasonable explanation as to why this new evidence, which existed at the time of the original motion was not placed before the court then *(Matter of Hooker v Town Bd. of Town of Guilderland,* 60 AD2d 684, 685)." Appeal from order and judgment entered October 23, 1979 dismissed, without costs. Order entered March 26, 1980 affirmed, with costs. Greenblott, J. P., Kane, Mikoll, Casey and Herlihy, JJ., concur.