■ RONALD L. TEAL et al., Respondents, v ARTHUR H. PLACE, Appellant. — Appeals (1) from an order and judgment of the Supreme Court at Special Term (Hughes, J.), entered December 19, 1980 in Albany County, which partially granted plaintiffs' motion for summary judgment, and (2) from an order of said court, entered April 3, 1981 in Albany County, which, *inter alia,* denied defendant's motion to renew and reconsider. The parties were partners in an accounting firm and following defendant's notice of intention to withdraw, plaintiffs gave notice of intention to dissolve the firm. On March 7, 1980, the parties executed an agreement supplemental to their articles of partnership to provide for an orderly dissolution, including procedures for handling the firm's accounts receivable. Thereafter, plaintiffs commenced this action seeking specific performance of the March 7, 1980 agreement, a permanent injunction enjoining defendant from soliciting or accepting payments from the firm's clients, return of certain personalty, and judgment for one receivable in the sum of $1,355 collected by defendant. Plaintiffs then obtained an order at Special Term, entered July 30, 1980, which enjoined each of the parties from further contact with the clients of the other party, and, in lieu of the appointment of a Receiver to collect accounts receivable, incorporated their separate stipulation for an escrow account. Before receipt of Special Term's decision, plaintiffs had moved for summary judgment. Special Term, by order and judgment entered December 19, 1980, granted plaintiffs partial summary judgment on their first cause of action compelling defendant to specifically perform his duties and obligations in the March 7, 1980 agreement and the original partnership agreement and enjoined him from soliciting and accepting payment of accounts receivable for the firm's services prior to dissolution. Special Term also granted judgment against defendant for $1,355, with interest, for the one specific account he collected. Finally, the court severed the remaining issues for trial. Defendant has appealed from that order and judgment. Thereafter, plaintiffs moved to compel defendant to turn over to them all moneys he had collected on the receivables, and to submit an immediate accounting. Defendant moved for renewal and reconsideration of the previous summary judgment motion and to enforce the July 25, 1980 stipulation establishing an escrow account. Special Term granted plaintiffs' motion and denied defendant's motion. Defendant has also appealed that order. This imbroglio centers around the collection of accounts receivable from firm clients for services rendered before the dissolution date of March 31, 1980. In the original partnership agreement, the only provision for accounts receiv-

able appears in paragraph 12, which states: "At the time of such withdrawal the partnership shall bill for all services rendered to those clients who elect to continue with the withdrawing partner unless the withdrawing partner consents that the amount of such bill (reduced by the withdrawing partner's percentage of profit participation) may be deducted from the payments otherwise required to be made in liquidation of his partnership interest." Recognizing this language to be either inadequate or inapplicable to the situation at hand, the parties sought to clarify their plan for dissolution in the supplemental March 7, 1980 agreement, stating in paragraph 16 thereof: "As hereinabove provided, on or about March 31, 1980, all FIRM clients will be billed for all services rendered to them by the FIRM through that date, and such income shall be accrued on the books of the FIRM, with one equal share being credited to PLACE's income or capital account. The amount in that account is to be included in the value of PLACE's partnership interest. In consideration of that agreement and liability, PLACE agrees as follows: (a) As to any FIRM clients retained by PLACE, as well as FIRM clients who engage PLACE's services on or before September 30, 1981, PLACE agrees that if he receives any payment for professional services rendered after March 31, 1980, by him to any such client, while such client has not paid, in full, any obligation it then owes to TEAL, BECKER and CHIARAMONTE, as assignee of the FIRM, PLACE agrees to immediately remit such payment to TEAL, BECKER and CHIARAMONTE, but in an amount not to exceed the liability of that client to TEAL, BECKER and CHIARAMONTE, as assignee of the FIRM, as payment by PLACE on behalf of that client." Notwithstanding these clear provisions covering the billing for pre-March 31, 1980 services, defendant requested those clients he retained to make payment of predissolution bills to him. He urges that the two paragraphs conflict, resulting in an ambiguity and thus creating a triable issue precluding summary judgment. Special Term held that there was no ambiguity and that the March 7 agreement clearly provides that the firm was to bill for predissolution services. We agree. The alleged ambiguity is that provision was made originally for a withdrawing partner to collect receivables from clients who elect to continue with him, while paragraph 16 of the later March 7 agreement unequivocally requires all receivables be collected by the firm, even to the extent that defendant agreed to immediately remit payments made to him by clients he retained until all liability to the firm for predissolution services had been fully paid. We do not find these contract clauses ambiguous. Where two documents are to be construed — one specifically prepared for the transaction in question and the other a general form — the former takes precedence as to all provisions which are repugnant in the two documents *(Trade Bank & Trust Co. v Goldberg,* 38 AD2d 405, 406). These parties are not ordinary laymen. They are highly educated and experienced certified public accountants, whose training and experience are constantly provided to clients in financial transactions. Each had competent counsel. The collection of receivables was the source of controversy immediately following the dissolution date. To resolve this problem, they executed the March 7 agreement in which this very subject was covered. In that agreement, it is clear and unequivocal that plaintiffs are to collect receivables and defendant is required to remit money received by him to plaintiffs immediately. Unlike the situation in *Rubin v Rubin* (36 AD2d 791), the parties' March 7 agreement specifically covers collection of accounts receivable. As correctly noted by Special Term, "[t]he first and best rule of construction of every contract, and the only rule we need here, is that, when the terms of a written contract are clear and unambiguous, the intent of the parties must be found therein" (citing *Nichols v Nichols,* 306 NY 490, 496). Where the intention of the parties is fully determinable from the language

employed in the agreement (see 4 Williston, Contracts, § 600, p 280), there is no need to resort to evidence outside these written words to determine their intention. Thus, no question of fact is presented, only a question of law — the interpretation of the March 7, 1980 written contract, and summary judgment was proper *(Long Is. R. R. Co. v Northville Inds. Corp.,* 41 NY2d 455, 461; *Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285, 291). It is not controverted that defendant did solicit, request and receive payment of pre-existing receivables due from clients, in contravention of the March 7 agreement. Special Term correctly granted plaintiffs summary judgment. The order entered April 3, 1981 which denied defendant's motion for renewal of plaintiffs' summary judgment motion, and which granted plaintiffs' motion for certain relief, was proper. Defendant's motion to renew was predicated upon presentation of additional papers not included in the prior motion, i.e., a June 1980 written stipulation providing, *inter alia,* for a joint escrow account for billing and collection of predissolution clients' bills, in lieu of the appointment of a Receiver to do so. Renewal should be denied where a party fails to offer a valid excuse why new or additional proof was not used the first time around *(Foley v Roche,* 68 AD2d 558, 568; see *Zaldin v Kiamesha Concord,* 78 AD2d 744, 745). This court has denied such relief in the absence thereof *(Matter of Hooker v Town Bd. of Town of Guilderland,* 60 AD2d 684, 685; *Matter of Fahey v Whalen,* 54 AD2d 1097). The relief granted upon plaintiffs' motion was appropriate to implement the effect of Special Term's prior order. Orders and judgment affirmed, with costs. Kane, J. P., Main, Casey, Yesawich, Jr., and Weiss, JJ., concur.