■ ROBERT ELLER, Respondent, v HYALA ELLER, Appellant.— In an action to recover damages for the intentional infliction of emotional distress, in which defendant presented several counterclaims, defendant appeals from two orders of the Supreme Court, Kings County: (1) the first dated May 23, 1984 (Shaw, J.), granting plaintiff's motion to vacate a default

judgment entered against him on the counterclaims and placing the matter on the Ready Day Calendar for June 18, 1984 and (2) the second dated June 22, 1984 (Lodato, J.), dismissing defendant's counterclaims upon her failure to proceed to trial.

Order dated May 23, 1984 affirmed.

Appeal from the order dated June 22, 1984 dismissed.

Plaintiff is awarded one bill of costs.

The decision of whether or not to vacate the default judgment was within the sound discretion of the trial court. We are not inclined to disturb it. Following a hearing, the trial court concluded that plaintiff had never acquired any knowledge of the pendency of counterclaims. Moreover, numerous questions about the merits of defendant's counterclaims were raised in the papers and at the hearing. Thus, under all the circumstances, the trial court correctly ordered a disposition on the merits and defendant's claim that the May 23 order was an abuse of discretion is without merit.

Furthermore, defendant's failure to proceed to trial on the counterclaims, after vacatur of plaintiff's default, constituted a default and it is well settled that no appeal lies from an order entered upon such a default *(see, First Natl. Bank & Trust Co. v Classic Collateral Corp.,* 44 AD2d 868; CPLR 5511). The proper remedy is to move in the court of original jurisdiction, on notice, to vacate the default and, if the motion is denied, to appeal from the order denying it *(see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5511:1, p 105; *First Natl. Bank & Trust Co. v Classic Collateral Corp., supra).* Lazer, J. P., Bracken, Niehoff and Kooper, JJ., concur.