■ DOUGLAS VAN AKEN, Appellant, v LANCASTER DEVELOPMENT, INC., et al., Respondents.—Yesawich, Jr., J. Appeal (1) from an order of the Supreme Court (Hughes, J.), entered March 26, 1986 in Schoharie County, which granted defendants' motion to dismiss the complaint for failure to prosecute, and (2) from the judgment entered thereon.

This negligence action, accruing in 1981, initially was reached for trial on March 2, 1984. Following jury selection, plaintiff's counsel indicated an intention to prove psychological injuries which plaintiff suffered as a result of the accident. As these claimed injuries had not been pleaded or addressed in plaintiff's bill of particulars, and he had not submitted to an examination regarding them by a physician designated by defendants, the latter objected. Rather than compel plaintiff to proceed with proof limited only to those injuries specified in the bill of particulars, the trial court thereupon granted plaintiff's mistrial motion. Within a week thereafter plaintiff discharged his counsel.

On September 13, 1984, outgoing counsel secured an order establishing that they had a valid lien on the file for their services and for their disbursements which were set in the amount of $3,382.92. When the efforts of incoming and outgo-

ing counsel to resolve the matter of turning over the file proved unsuccessful and with the case now appearing on the Ready Trial Calendar, outgoing counsel obtained an order on May 30, 1985 fixing the amount of their fees, directing that disbursements be paid "now" and authorizing them to retain the file pending receipt of payment of the disbursements.

Thereafter, the parties were notified that plaintiff's suit was number 1 on the upcoming Trial Calendar and that jury selection was to begin March 19, 1986. On that date plaintiff's incoming counsel appeared and informed the trial court that he was unable to proceed because he had not reviewed the file; it was represented that plaintiff was financially unable to pay the disbursements and hence the file was not released by outgoing counsel. Defense counsel's motion to dismiss the complaint for failure to prosecute was granted, prompting plaintiff's retention of new counsel, who then moved to vacate the order of dismissal entered March 26, 1986 and the judgment entered thereon; this motion, purportedly based on new proof, was denominated by plaintiff as a motion to renew. Supreme Court denied the motion by order dated June 17, 1986, noting that plaintiff had failed to advance a legally sufficient reason why he was twice not ready for trial; it was plaintiff's claim at this point that his failure to discharge his obligation to pay the disbursements was due to his just recently replaced counsel having advised him that there was no need to do so.

At the outset, we note that the only notice of appeal contained in the record is that taken from the order of March 26, 1986 dismissing the action for failure to prosecute and the judgment entered thereon. No appeal was taken from the order dated June 17, 1986 denying plaintiff's motion to vacate the previous order. Accordingly, although plaintiff would have us consider the merits of the decision underlying the June 17, 1986 order, we are foreclosed from doing so.

Nor does an appeal lie from the order of March 26, 1986, for none is available from an order entered upon a default (see, CPLR 5511), of which failure to prosecute is but one form (Zaldin v Kiamesha Concord, 78 AD2d 744, 745). The appropriate procedure to effect appellate review of this order was to bring on a motion to vacate the default and then to appeal its denial (see, Eller v Eller, 116 AD2d 617); that did not occur here.

Were we able to speak to the issue of whether plaintiff's vacatur motion was properly denied, we would endorse the

observations made and conclusions reached by Supreme Court in its decision.

Appeal dismissed, without costs. Kane, J. P., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur.