■ Thomas Puccini, Appellant, v Owens-Illinois Glass Company, Inc., Respondent.—In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Westchester County (Buell, J.), entered June 12, 1987, as granted the defendant's cross motion pursuant to CPLR 3012

(b) to dismiss the action for failure to serve a complaint, and (2) an order of the same court dated August 20, 1987, which denied the plaintiff's motion denominated as one "to renew and reargue" the prior order.

Ordered that the order entered June 12, 1987 is affirmed; and it is further,

Ordered that the appeal from the order dated August 20, 1987 is dismissed as abandoned; and it is further,

Ordered that the defendant is awarded one bill of costs.

A plaintiff who seeks to serve a complaint after expiration of the 20-day statutory period following service of a demand therefor as specified in CPLR 3012 (b) must demonstrate that there was a reasonable excuse for the delay and make a prima facie showing of legal merit *(see, Courell v Kurzner,* 118 AD2d 677, 678; *Alos Micrographics Corp. v JML Opt. Indus.,* 112 AD2d 965, 966). In this case, after a delay of approximately 16 months, the plaintiff was granted 20 additional days in which to serve the complaint. On appeal by the defendant, the order was affirmed *(see, Puccini v Owens-Illinois Glass Co.,* 117 AD2d 591). However, the plaintiff failed to serve the complaint for approximately 4½ months after entry of the order granting the additional time. Upon receipt of the untimely complaint, the defendant's attorney properly rejected it *(see, Weinstein v General Motors Corp.,* 51 AD2d 335, 336). Subsequently, the defendant sought dismissal of the action for failure to serve the complaint. In opposition to that motion, the plaintiff offered an inadequate excuse for the 4½-month delay. Accordingly, the Supreme Court properly dismissed the action *(see, Egan v Federated Dept. Stores,* 108 AD2d 718).

The plaintiff contends, as he did before the Supreme Court, that this court's affirmance of the order granting the 20-day extension implicitly approved the late service of the complaint. The plaintiff's argument is premised on the inclusion of the complaint and notice of rejection in the record in the prior appeal. However, inclusion of these documents was improper *(see,* CPLR 5526) and, in any event, had no bearing on the propriety of the order then under review. As no issue regarding the subsequent delay had been raised in the trial court, there could be no appellate review.

Finally, although the plaintiff's counsel eventually proffered an excuse for the delay in his affirmation in support of his motion to renew and reargue the order dismissing the action, he has not raised any argument on appeal concerning the propriety of the court's denial of that motion. Thus, the

appeal from the order denying renewal and reargument is deemed abandoned *(see, Memory Gardens v D'Amico,* 91 AD2d 1160, 1161; *Centino v Isbrandtsen Co.,* 13 AD2d 977, *revd on other grounds* 11 NY2d 690, *cert denied sub nom. Universal Term. & Stevedoring Corp. v Isbrandtsen Co.,* 370 US 912). We further note that the motion, which alleged only facts previously known to the plaintiff, was actually a motion to reargue, the denial of which is not subject to appellate review *(see, Smith v Smith,* 97 AD2d 932, 933; *Roy v National Grange Mut. Ins. Co.,* 85 AD2d 832, 833). Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.