**GREENE'S READY MIXED CONCRETE CO.; Mililani Group, Inc., Soto Provision; Warren D. Goldman; Thomas D. Wittkopf; James B. Dlugos; Michael & Paula Soltero; Paul V. Braden; H & H Farms, Inc.; William H. Them; Patricia W. Viles; Benjamin Realty Co.; Music City Marketing, Inc.; Michael M. Dew; L.F. Jennings; L.F. Jennings, Inc.; Schmidt's Wholesale, Inc.; Harsey & Associates, Inc.; J & W Swine Co., Inc.; Robert G. Olander; Tuf Labs, Inc.; C.T. Fowler, Inc.; Bar-Tak Importers, Inc.; Snowhill Investments; Duard I. & Marlene Morris; McNamara Pontiac, Inc.; Gary J. & Carolyn K. Bream; Thomas Living Trust; and Durane Gas Company, Plaintiffs,**

v.

**FILLMORE PACIFIC ASSOCIATES LIMITED PARTNERSHIP; IR Golden Gate, Inc.; Kes Narbutas; Alan H. Wiener; Richard H. Ader; IR Pacific Residential; Integrated Resources Equity Corporation; Resources Funding Corporation; Fillmore Center Associates; Donald H. Tishman; Housing Associates, Incorporate; Fillmore Center Developers; Hai Management, Inc.;**

**Ameritrust Company National Association; First Interstate Bank of California; Morgan Guaranty Trust Company of New York; Security Pacific National Bank and Signet Bank/Virginia, Defendants.**

**AMERITRUST COMPANY NATIONAL ASSOCIATION; First Interstate Bank of California; Morgan Guaranty Trust Company of New York; Bank of America N.T. & S.A., as successor to Security Pacific National Bank; and Signet Bank/Virginia, Third–Party Plaintiffs,**

v.

**Rex S. KUWASAKI; John Renna; Gary C. Schmidt; Edward M. Thomas; and Edward R. McHenry, Jr., Third–Party Defendants.**

No. 91 Civ. 0978 (RWS).

United States District Court,
S.D. New York.

Dec. 2, 1992.

Kornstein Veisz & Wexler, New York City, for third-party plaintiffs (Howard B. Levi, David S. Douglas, and Laura Gilbert, of counsel).

Beigel & Sandler, New York City, for third-party defendants (Fran L. Rudich, of counsel).

## OPINION

SWEET, District Judge.

Third-party defendants Rex S. Kuwasaki ("Kuwasaki"), John Renna ("Renna"), Edward M. Thomas ("Thomas") and Edward R. McHenry, Jr. ("McHenry"), (collectively, "moving defendants"), have moved to dismiss to dismiss the third-party complaints filed against them by certain named defendants in the underlying action pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. The named defendants in the underlying action (*In re Integrated Resources*, MDL No. 897) are Ameritrust Company National Association, First Interstate Bank of California, Morgan Guaranty Trust Company of New York, Security Pacific National Bank, and Signet Bank/Virginia (the "Banks"). For the reasons given below, the motion is denied.

*The Facts*

The facts are assumed as set forth in the pleadings and complaint. The moving defendants have been named in the third-party complaint brought by the Banks against investors who purchased partnership interests in limited partnerships offered by Integrated Resources and others. These interests were offered upon payment of a cash deposit and by delivery of a

promissory note payable to the Partnership. As part of a restructuring of the limited partnerships originally offered by Integrated, these promissory notes were assigned to Integrated's creditors, the third-party plaintiffs in this case.

Each of the moving defendants, all of whom are noncitizens and nonresidents of New York, was solicited in 1987 or 1988 to invest in a Connecticut limited partnership, the Fillmore Pacific Associates Limited Partnership (the "Partnership"). After deciding to invest assets of either trusts or companies that they controlled, each of the moving defendants as trustee or president executed certain subscription documents, including investor notes (the "Notes") and Security Agreements. Each personally executed a guaranty (the "Guaranties") in his own name, assuring the payments due from the Trust under the terms of the Notes.

Each Note bears a forum selection clause which designates New York as the forum state:

Maker hereby agrees that any suit, action, or proceeding with respect to this Note, any amendments or replacements hereof, and any transactions relating hereto or thereto shall be brought only in the state courts of, or the federal courts in, the State of New York, and Maker hereby irrevocably consents and submits to the jurisdiction of such courts for the purpose of any such suit, action or proceeding.

Maker hereby agrees that no other state or federal court may entertain any such suit, action or proceeding, and that the state courts of, and the federal courts in, the State of New York shall have exclusive jurisdiction....

This Note ... shall be governed by ... the internal laws of the State of New York.

Two other documents—a Security Agreement (the "Security Agreements") and a subscription agreement (the "Subscription Agreements") contained similar clauses designating New York as the forum state. All the investment documents are governed by New York law, and the money to be paid under the Notes was due at a New York address specified in the Notes.

The Guaranties themselves do not have a forum selection clause, but all read:

The undersigned (the "Guarantor") hereby unconditionally guarantees the full payment, performance and observance of all obligations, agreements, representations, and warranties of the _____, (the "Investor"), under the Investor's Note, Security Agreement, Subscription Agreement and all other documents and agreement executed by the Investor in connection with its investment ...

This Guaranty is made as an inducement (i) to the Partnership to accept the Investor's Note, (ii) to Lender to accept the collateral represented by the Investor's note and ... (iii) to the General Partner of the Partnership to accept the Investor as an investor in the Partnership....

Each guaranty has a separate Investor written in by hand, except for the guaranty signed by Thomas, which simply substitutes the word "Trust" for "Investor." The line for the name of the "Investor" was filled in with the names of the entities owned and run by the moving defendants (the "Investors"). Each defendant signed his Guaranty in his own name, and signed all the other documents save the Guaranty in his capacity as trustee or President: Kuwasaki signed, as President, for the investor Mililani Memorial Park & Mortuary, Inc. (now the Mililani Group, Inc.); Renna signed, as President, for the investor Soto Provisions, Inc.; McHenry signed, as President, for the investor Durane Gas Company; and Thomas signed, as trustee, for the investor the Thomas Living Trust. All of the investors are also plaintiffs in the underlying action.

The moving defendants aver that all aspects of the transaction—receiving the offering materials, executing the documents, and so forth—were performed by them outside of New York, that none of them have any personal or financial contact with New York, and that the Guaranties do not subject them to the jurisdiction of this Court because there is no forum selection clause

in the Guaranties themselves—only in the Notes, the Security Agreements, and the Subscription Agreements.

### The Issue

On a motion to dismiss, the factual allegations of the complaint must be accepted as true, *Dwyer v. Regan,* 777 F.2d 825, 828–29 (2d Cir.1985), and the allegations in the complaint must be considered in the light most favorable to the moving party. Assuming, then, that as the moving defendants claim they have no contacts with New York sufficient to give New York courts jurisdiction over the Guaranties signed by them elsewhere, the sole question becomes whether the forum selection language in the Subscription Documents should be read into the Guaranties.

### The Terms of the Guaranties Subject the Moving Defendants to the Jurisdiction of New York

■ The Guaranties state that the guarantor unconditionally guarantees "the full payment, performance and observation ... of all agreements ... of the Trust" executed in connection with the Notes, the Security Agreement, and the Subscription agreement. Since one of the investors' obligations under these agreements was their consent to New York jurisdiction, any Guarantor's unlimited assumption of any Investor's obligations assumes this consent as well.

■ Should the language of the Guaranty not explicitly bind the Guarantor to the Investor's promise to submit to New York jurisdiction, however, principles of contract interpretation apply. For each defendant, New York law states since the documents were executed together, they should be interpreted the same way. The forum-selection clause and the choice-of-law clause in the Notes apply New York contract law to the agreements, and, under the law of New York, "where two or more written instruments between the same parties concerning the same subject matter are contemporaneously executed, they will be read and interpreted together." *Liamuiga Tours v. Travel Impressions, Ltd.,* 617 F.Supp. 920, 927 (E.D.N.Y.1985). This is especially true when the guaranty refers to the contract whose performance is guaranteed. 63 N.Y.Jur.2d, Guaranty and Suretyship, § 95 at 141–42 (1987).

■ The fact that the forum-selection clause is not present in the Guaranty does not mean that the Guaranty contradicts the other documents and does not raise a triable issue. Each of these Guaranties is a form document, whereas the Notes were specifically prepared for the partnership transaction in question. Under these circumstances, the specific terms supplied by the Notes control and clarify the more general provisions of the Guaranties. *Teal v. Place,* 85 A.D.2d 788, 445 N.Y.S.2d 309, 311 (3d Dept.1981).

■ Even if New York law does not control the Guaranty, this general rule, not surprisingly, is that guaranties and their underlying contracts must be read together in the states (Hawaii, California, and North Carolina) where, according to the moving defendants, all the documents were signed. *See, e.g., U.S. Leasing Corp. v. duPont,* 69 Cal.2d 275, 70 Cal.Rptr. 393, 444 P.2d 65 (1968); *Niederer v. Ferreira,* 189 Cal. App.3d 1485, 234 Cal.Rptr. 779 (2d Dist. 1987); *State Sav. and Loan Assn. v. Corey,* 53 Haw. 132, 488 P.2d 703 (1971), *cert. denied,* 406 U.S. 920, 92 S.Ct. 1774, 32 L.Ed.2d 119 (1972); *Craftique, Inc. v. Stevens & Co.,* 321 N.C. 564, 364 S.E.2d 129 (1988). Moreover, if the moving defendants filed their cases in federal court, these cases would only be transferred here pursuant to the multidistrict litigation statute, 28 U.S.C. § 1407 (1988).

### Due Process

■ Finally, the moving defendants argue that enforcing New York as the forum selected is not consistent with due process "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice" because he has minimal contact with the state. *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (citations omitted); *Asahi Metal Indus. Co. v. Superior Court of California,* 480 U.S. 102, 108, 107 S.Ct. 1026, 1030, 94

L.Ed.2d 92 (1987). Due process, however, turns on the foreseeability that "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1979). The forum-selection clauses combined with the notice that the place of payment of the Notes was New York City gave each moving defendant ample notice that his Guaranty of the Investor's partnership interest would subject him to litigation in New York.

*Conclusion*

By the terms of the agreement itself and by principles of contract interpretation common to both New York and the relevant state, the moving defendants must submit to the jurisdiction of the federal courts in the state of New York. "There can be nothing 'unreasonable and unjust' in enforcing such an agreement; what would be unreasonable and unjust would be to allow one ... to disregard it." *AVC Nederland B.V. v. Atrium Inv. Partnership,* 740 F.2d 148, 156 (2d Cir.1984) (H. Friendly, J.).

It is so ordered.