■ Rose Associates, Respondent, v Beverly Johnson et al., Appellants. [668 NYS2d 592] —Order and judgment (one paper), Supreme Court, New York County (Charles Ramos, J.), entered June 4, 1997, *inter alia*, awarding plaintiff landlord a money judgment representing arrears of interim use and occupancy, and immediate possession of the subject apartment as against defendant tenant and the remaining defendants claiming through her, unanimously affirmed, with costs.

Interim use and occupancy was properly awarded in an amount higher than the rent stated in the tenant's lease, and without consideration of the merits of the landlord's claim that the tenant was a holdover by reason of nonprimary residence, because, by order of the Division of Housing and Community Renewal, the apartment had become deregulated upon expiration of the lease. Pending the immediately scheduled hearing before the Special Referee, at which the tenant failed to ap-

pear, and in the absence of countervailing proof from the tenant, the amount of interim use and occupancy was properly based on the affidavit of one of plaintiff's principals, who, while interested, clearly had knowledge of the building and of the rental value of its apartments. The tenant's failure to pay the interim use and occupancy was a violation of a condition to her right to remain in the apartment, "permitting defendant [landlord] to apply for appropriate relief, e.g., a money judgment, or eviction, or both" (*Hodo v Serrecchia*, 102 AD2d 807). We have considered appellants' other arguments and find them to be without merit. Concur—Milonas, J. P., Rosenberger, Ellerin and Tom, JJ.