■ OAKGROVE CONSTRUCTION, INC., Appellant, v GENESEE VALLEY NURSERIES, INC., Defendant, and COLONIAL SURETY COMPANY, Respondent. (Appeal No. 1.) [832 NYS2d 860]—Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Eugene M. Fahey, J.), entered August 22, 2005. The order and judgment, insofar as appealed from, granted the motion of defendant Colonial Surety Company for summary judgment and denied that part of the cross motion of plaintiff for partial summary judgment against that defendant.

Appeal from an order of the Supreme Court, Erie County (Eugene M. Fahey, J.), entered July 20, 2006. The order, insofar as appealed from, upon renewal, adhered to the court's prior decision.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Plaintiff commenced this action to recover damages for, inter alia, breach of a performance bond concerning a contract to, among other things, plant trees and shrubs along a section of the New York State Thruway in Niagara County. Supreme Court previously granted the motion of Colonial Surety Company (defendant) for summary judgment dismissing the complaint and cross claims against it and denied plaintiff's cross motion for, inter alia, partial summary judgment on liability against defendant on the performance bond.

By the order on appeal, the court granted plaintiff's motion for leave to renew and, upon renewal, adhered to its prior decision. We reverse the order insofar as appealed from.

The court granted summary judgment in favor of defendant on a ground not raised by defendant in support of its motion, i.e., that the underlying contract between plaintiff and the New York State Thruway Authority (Thruway Authority) required that the plantings be maintained for only one year. In doing so, the court determined that it need not reach the issues raised by the parties. We agree with plaintiff that defendant was not entitled to summary judgment on that ground. Although the general terms of the Thruway Authority's specifications required that the plantings be maintained for a one-year "Period of Establishment," the specific bid provisions governing that contract required the obligor to maintain them for a two-year period. "Where there are general and special provisions relating to the same thing, the special provisions control, even if there is an inconsistency between the special provisions and the general provisions" (22 NY Jur 2d, Contracts § 254). Furthermore, "[w]here two documents are to be construed—one specifically prepared for the transaction in question and the other a general form—the former takes precedence as to all provisions [that] are repugnant in the two documents" (*Teal v Place*, 85 AD2d 788, 789 [1981]). We thus conclude that the court erred in determining the motion and cross motion on that ground. Because the court "did not consider the merits of the motion [or cross motion on the grounds raised by the parties], the matter must be remitted to . . . Supreme Court . . . for such a determination" (*Edith Bolte Kutz Trust v Atlantic Coast Constr., LLC*, 32 AD3d 377, 378 [2006]). Present—Martoche, J.P., Smith, Centra, Lunn and Peradotto, JJ.