■ GETTY PROPERTIES CORP. et al., Respondents, v GETTY PETROLEUM MARKETING INC., Defendant, and 1314 SEDGWICK AVE. LLC et al., Appellants. [966 NYS2d 1]—

Order, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered on or about July 18, 2012, which denied defendants-appellants' motion to transfer this action to Nassau County, unanimously affirmed, without costs. Order, same court and Justice, entered July 6, 2012, which, insofar as appealed from as limited by the briefs, ordered 19 defendants to pay certain sums to plaintiffs, unanimously modified, on the facts, to delete defendant One Pleasantville Road LLC from Schedule 1, and otherwise affirmed, without costs. Judgment, same court and Justice, entered August 2, 2012, awarding plaintiffs certain sums, as well as immediate possession of certain sites, unanimously modified, on the facts, to delete the decretal paragraph awarding plaintiffs recovery from One Pleasantville Road LLC, and otherwise affirmed, without costs. Appeal from judgment, same court and Justice, entered July 26, 2012, dismissed, without costs, as superseded by the appeal from the August 2012 judgment. Appeal from supplemental order and judgment, same court and Justice, entered July 27, 2012, dismissed, without costs, as abandoned.

Those defendants who were parties to subleases with defendant Getty Petroleum Marketing Inc. (GPMI) (the LLC defendants) were bound by the forum selection clause (naming New York County) in the master lease between GPMI and plaintiff Getty Properties Corp. (GPC) (*see Mann Theatres Corp. of Cal. v Mid-Island Shopping Plaza Co.*, 94 AD2d 466, 471 [2d Dept 1983], *affd* 62 NY2d 930 [1984]). The master lease also states that "all Subleases shall be subject and subordinate to the terms and conditions of this Restated Lease."

Defendants Robert G. Del Gadio and Frank Mascolo guaranteed full performance of the lease by the relevant LLC defendant; thus, they, too, are bound to litigate in New York County (*see Greene's Ready Mixed Concrete Co. v Fillmore Pac. Assoc. Ltd. Partnership*, 808 F Supp 307, 310 [SD NY 1992]; *Ameritrust Co. N.A. v Chanslor*, 803 F Supp 893, 896 [SD NY 1992]).

The fact that the master lease was terminated as of April 30, 2012 does not prevent enforcement of its forum selection clause (*see AGR Fin., L.L.C. v Ready Staffing, Inc.*, 99 F Supp 2d 399, 401 [SD NY 2000]).

The distance between Nassau County (defendants-appellants' preferred forum) and New York County "poses no more than a minor inconvenience" (*see Matter of Fidelity & Deposit Co. of Md. v Altman*, 209 AD2d 195, 195 [1st Dept 1994]).

The lack of privity of contract between the LLC defendants (the subtenants) and plaintiffs (the over-landlords) does not prevent the court from ordering the LLC defendants to pay use and occupancy to plaintiffs (*see 1133 Bldg. Corp. v Ketchum Communications*, 224 AD2d 336 [1st Dept 1996], *lv denied* 89 NY2d 816 [1997]). Nor is such an order prevented by the LLC defendants' not being in possession of the subject premises (they had sub-subleased the properties to the operators of the gas stations), because their subleases with GPMI provide that "[i]n the event of . . . [sub-]sub-letting, or other transfer, . . . Lessee [the relevant LLC defendant] shall continue to remain jointly and severally liable with its transferee to Lessor [GPMI] for the performance of all of Lessee's obligations for the remainder of the Term" (*see Salvatore R. Beltrone Marital Trust II v Lavelle & Finn, LLP*, 13 AD3d 869, 870-871 [3d Dept 2004]). The master lease between GPMI and GPC states, "Tenant [GPMI] hereby assigns, transfers and sets over to Landlord [GPC] all of Tenant's right, title, and interest in and to each Sublease entered into by Tenant . . . together with all subrents or other sums of money due and payable under such Sublease."

Defendants-appellants contend that the amount of use and occupancy in the court's July 2012 preliminary injunction was erroneous. The remedy for any such error is "most appropriately . . . obtained by means of a speedy trial of the action," where plaintiff may be awarded a refund or rent credit (*East 4th St. Garage v Estate of Berkowitz*, 265 AD2d 249, 249 [1st Dept 1999]; *see also Andejo Corp. v South St. Seaport Ltd. Partnership*, 35 AD3d 174 [1st Dept 2006]). The fact that there has not been a speedy trial here is due to defendants-appellants' failure to obey the TRO and preliminary injunction (*see Rose Assoc. v Johnson*, 247 AD2d 222 [1st Dept 1998]; *61 W. 62nd*

*Owners Corp. v Harkness Apt. Owners Corp.*, 202 AD2d 345 [1st Dept 1994]).

Although in support of their motion for a preliminary injunction plaintiffs stated that they were not seeking use and occupancy for One Pleasantville Road because Del Gadio had surrendered that site, the preliminary injunction included it. Thus, we modify the July 6, 2012 order and the August 2012 judgment as indicated. With respect to the other properties, however, no surrender was effected because there was only unilateral action by defendants-appellants (*see Stahl Assoc. Co. v Mapes*, 111 AD2d 626, 628 [1st Dept 1985]).

We have considered defendants-appellants' remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Saxe, Manzanet-Daniels and Gische, JJ.