■ PROFESSIONAL MERCHANT ADVANCE CAPITAL, LLC, Respondent, v YOUR TRADING ROOM, LLC, et al., Defendants, and RICHARD H. WARYN, Appellant. [1 NYS3d 208]—

In an action, inter alia, to recover damages for breach of contract, the defendant Richard H. Waryn appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Whelan, J.), dated November 28, 2012, as denied that branch of his motion which was pursuant to CPLR 3211 (a) (8) to dismiss the amended complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action against the defendants, alleging that the defendant Your Trading Room, LLC (hereinafter YTR), among others, breached an agreement dated September 29, 2011 (hereinafter the agreement), pursuant to which YTR agreed to sell a portion of its future credit card receivables to the plaintiff. The defendant Richard H. Waryn moved, inter

alia, pursuant to CPLR 3211 (a) (8) to dismiss the amended complaint insofar as asserted against him for lack of personal jurisdiction.

In its amended complaint, the plaintiff alleged that Waryn, as an owner of YTR, executed the agreement. The agreement, attached to the amended complaint, contains a forum selection clause, which states that YTR "submits to the exclusive jurisdiction of any New York state or federal court sitting in the County of Suffolk in the state of New York." The agreement further provides that YTR's owners "personally guarantee the performance of the covenants made by [YTR] in this Agreement." Since YTR consented to New York jurisdiction in the agreement, Waryn, by assuming YTR's obligations in the agreement, also consented to New York jurisdiction (*see Greene's Ready Mixed Concrete Co. v Fillmore Pac. Assoc. Ltd. Partnership.*, 808 F Supp 307, 310 [1992]; *Ameritrust Co. N.A. v Chanslor*, 803 F Supp 893, 895 [1992]; *cf. Getty Props. Corp. v Getty Petroleum Mktg. Inc.*, 106 AD3d 429, 429-430 [2013]; *Brax Capital Group, LLC v WinWin Gaming, Inc.*, 83 AD3d 591, 591-592 [2011]). Accordingly, the Supreme Court properly denied that branch of Waryn's motion which was to dismiss the complaint for lack of personal jurisdiction.

In light of our determination, we need not reach the parties' remaining contentions. Eng, P.J., Mastro, Roman and Miller, JJ., concur.