Golf Glen Plaza Niles, Il. L.P. v AMCOID USA, LLC (2018 NY Slip Op 02935)





Golf Glen Plaza Niles, Il. L.P. v AMCOID USA, LLC


2018 NY Slip Op 02935


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, CARNI, NEMOYER, AND CURRAN, JJ.


215 CA 17-00869

[*1]GOLF GLEN PLAZA NILES, IL. LIMITED PARTNERSHIP, PLAINTIFF-RESPONDENT,
v
AMCOID USA, LLC, ET AL., DEFENDANTS, AND DAVID DE PIRRO, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






KENNEY SHELTON LIPTAK NOWAK LLP, ROCHESTER (NICHOLAS DAVIS OF COUNSEL), FOR DEFENDANT-APPELLANT.
HARRIS BEACH PLLC, PITTSFORD (DALE A. WORRALL OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Monroe County (J. Scott Odorisi, J.), entered August 3, 2016. The order denied the motion of defendant David De Pirro to vacate a default judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: David De Pirro (defendant) executed a lease guaranty (Guaranty) in which he agreed to guarantee "all the covenants, terms, and conditions" of a lease agreement for commercial real estate executed by plaintiff, the lessor, and defendant Amcoid USA, LLC, the lessee (Amcoid). The Guaranty and the lease agreement were signed on the same day. The lease agreement contained a forum selection clause whereby plaintiff and Amcoid agreed that any controversy between them, pursuant to the lease or otherwise, would be determined in the county and state in which plaintiff's principal office was located, i.e., Monroe County, New York. The lease agreement was later assigned by Amcoid to defendant The Hot Jalapeno, Inc., which later assigned all of its rights and obligations under the lease agreement to defendants Peter Hwang and Kyong Hwang. Defendant signed both assignments in his capacity as "Guarantor." Each assignment provided that any dispute with respect thereto "shall be adjudicated in a court within the jurisdiction located within Monroe County, New York and the parties irrevocably consent to the personal jurisdiction and venue of such court."
In September 2013, plaintiff commenced this action in Monroe County seeking, inter alia, unpaid rent based on allegations that defendants had defaulted under the lease agreement and that all of the defendants are jointly and severally liable for the unpaid rent. Defendant, a resident of the State of Illinois, was personally served with the summons and complaint in Illinois. In January 2014, a default judgment was entered against defendant. Plaintiff subsequently commenced an action in an Illinois court seeking to enforce the default judgment. Defendant unsuccessfully attempted to vacate the default judgment in the Illinois court, and then he moved in Supreme Court in New York for an order vacating the default judgment and dismissing the complaint against him on the ground of lack of personal jurisdiction, and in the alternative he sought to vacate the default judgment on the ground that his default was excusable. In appeal No. 1, defendant appeals from an order that denied his motion. In appeal No. 2, he appeals from an order that denied his motion for leave to renew his prior motion. We affirm the order in appeal No. 1. Inasmuch as defendant has not raised any contentions with respect to the order in appeal No. 2, we dismiss the appeal therefrom as abandoned (see Abasciano v Dandrea, 83 AD3d 1542, 1545 [4th Dept 2011]; Puccini v Owens-Illinois Glass Co., 146 AD2d 758, 759-760 [2d Dept 1989]).
In appeal No. 1, defendant contends that the court erred in denying his motion seeking to vacate the default judgment and dismissal of the complaint against him based on the lack of personal jurisdiction. We reject that contention. The court had jurisdiction over defendant inasmuch as the Guaranty signed by defendant incorporated the terms of the lease agreement, including the forum selection clause. Thus, by assuming the obligations in the lease agreement, defendant consented to personal jurisdiction in New York for litigation with respect to the lease (see Professional Merchant Advance Capital, LLC v Your Trading Room, LLC, 123 AD3d 1101, 1102 [2d Dept 2014]; see also Greene's Ready Mixed Concrete Co. v Fillmore Pac. Assoc. Ltd. Partnership, 808 F Supp 307, 310 [SD NY 1992]). Furthermore, even if the Guaranty is not sufficient to establish that defendant consented to personal jurisdiction in New York, the assignments that were signed by defendant also contained a forum selection clause designating courts located within Monroe County, New York as the forum for adjudicating any dispute with respect thereto. Although defendant contends that the signatures on the assignments were forgeries, mere bald assertions of forgery are insufficient to resolve that issue in his favor (see Banco Popular N. Am. v Victory Taxi Mgt., 1 NY3d 381, 384 [2004]).
Contrary to defendant's further contention, the court properly denied as untimely the request in his motion to vacate the default judgment and allow him to proceed on the merits on the ground that he had a reasonable excuse for the default and has a meritorious defense (see CPLR 5015 [a] [1]). Moreover, even if defendant had timely moved to vacate the default on that ground, we conclude that defendant's assertion that he erroneously assumed that his wife's cousin and her attorney would respond to the complaint on his behalf does not constitute a reasonable excuse (see generally Yao Ping Tang v Grand Estate, LLC, 77 AD3d 822, 822-823 [2d Dept 2010]; Moore v Claudio, 224 AD2d 502, 503 [2d Dept 1996]). Further, defendant's unsubstantiated claim that the signatures on the assignments were forged fails to establish that he has a meritorious defense (cf. Professional Offshore Opportunity Fund, Ltd. v Braider, 121 AD3d 766, 768 [2d Dept 2014]; see generally Banco Popular N. Am., 1 NY3d at 384).
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court