Marbru Assoc. v White (2022 NY Slip Op 04123)

Marbru Assoc. v White

2022 NY Slip Op 04123

Decided on June 28, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 28, 2022

Before: Manzanet-Daniels, J.P., Oing, González, Scarpulla, Higgitt, JJ. 

Index No. 102117/12 Appeal No. 16226 Case No. 2021-02567 

[*1]Marbru Associates, et al., Plaintiffs-Appellants,
v
William J. White, et al., Defendants-Respondents.

Kaufman Friedman Plotnicki & Grun, LLP, New York (Howard Grun of counsel), and Law Office of Frank A. Scanga, New York (Frank A. Scanga of counsel), for appellants.

Order, Supreme Court, New York County (Barbara Jaffe, J.), entered on or about June 23, 2021, which denied plaintiffs' motion to strike defendants' second amended answer and preclude defendants from offering evidence at trial and for a money judgment and a judgment of possession for unpaid use and occupancy, and stayed the action pending plaintiff's compliance with the Administrative Order 160/21 of the Chief Administrative Judge of the Courts, unanimously modified, on the facts and in the exercise of discretion, to grant plaintiffs' motion to the extent of precluding defendants from relying at trial on any information sought in plaintiff's discovery demands to which defendants have not meaningfully responded unless defendants provide the information in verified form within 30 days after service of this order with notice of entry, and to vacate the stay of the action, and otherwise affirmed, without costs.
In the exercise of our own discretion (see Maxim, Inc. v Feifer, 161 AD3d 551, 554 [1st Dept 2018]), we find, contrary to the motion court, that defendants' discovery abuses warrant sanctions under CPLR 3126. Defendants have engaged in a pattern of obstructive conduct since the commencement of this action in 2012, including noncompliance with multiple discovery orders issued between January 2017 and February 2020. The court acknowledged in those orders that defendants' conduct was sanctionable, but afforded defendants further opportunities to comply. Defendants' delay tactics are even more evident in light of their repeated obstructions of plaintiffs' efforts to gain access to their apartment to make repairs to cure the violations. We cannot countenance any further such conduct.
All unpaid use and occupancy due through March 2020 shall be paid, without exception, within 20 days of service of this order with notice of entry. All unpaid use and occupancy accruing from April 2020 through the date of service of this order with notice of entry must also be paid unless defendants move within 30 days and establish that the protections of the Tenant Safe Harbor Act (L 2020, ch 127) apply. A failure to comply with any of these directives will result in ejectment and an award of a judgment of possession to plaintiffs (see Park Terrace Gardens, Inc. v Penkovsky, 100 AD3d 577 [1st Dept 2012]; Rose Assoc. v Johnson, 247 AD2d 222, 223 [1st Dept 1998]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 28, 2022