S.J.C. 308 Lenox Ave. Family L.P. v Hendrix House Harlem LLC (2025 NY Slip Op 50099(U))

[*1]

S.J.C. 308 Lenox Ave. Family L.P. v Hendrix House Harlem LLC

2025 NY Slip Op 50099(U)

Decided on January 17, 2025

Supreme Court, New York County

Lebovits, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 17, 2025
Supreme Court, New York County

S.J.C. 308 Lenox Avenue Family Limited Partnership, Plaintiff,

against
Hendrix House Harlem LLC, HENDRIX HOUSE HOLDINGS, INC., 
 JAMILE L BOSEMAN, ANTONIO L BROOKS, SHERRIDA DARLENE DAWSON, and RICARDO HENRY, Defendants.

Index No. 652145/2024

Rosenberg & Estis, P.C., New York, NY (Bradley S. Silverbush of counsel), for plaintiff
Martone & Associates, LLC, Fort Lee, NJ (Christopher S. Martone of counsel) for defendants

Gerald Lebovits, J.

This is a commercial-landlord tenant action, brought by plaintiff-landlord, S.J.C. 308 Lenox Avenue Family Limited Partnership, against defendant-tenant Hendrix House Harlem LLC and defendants-guarantors Hendrix House Holdings, Inc., Jamile L. Boseman, Antonio L. Brooks, Sherrida Darlene Dawson, and Ricardo Henry.
Landlord and tenant entered into a 10-year commercial lease for premises located on Lenox Avenue in Harlem, to begin in February 2023 (see NYSCEF No. 5 [lease]); tenant's obligations under the lease were guaranteed by guarantors (see NYSCEF No. 6 [guarantee]). In March 2024, landlord served tenant with a notice of default based on asserted nonpayment of rent dating back to August 2023. (See NYSCEF No. 7.) Defendants did not pay the arrears described in the notice of default; nor bring a Yellowstone action to toll the cure period while challenging the asserted default. In April 2024, landlord terminated the lease. (See NYSCEF No. 8.)
Landlord then brought this action, seeking an order of ejectment, unpaid rent owed under [*2]the lease and guarantee, post-termination use and occupancy (U&O), and attorney fees.[FN1]
 (See NYSCEF No. 1.) Defendants answered and counterclaimed. (NYSCEF No. 19.)
On motion sequence 001, landlord sought, and this court granted, an award of U&O pendente lite, beginning May 2024, in the amount set in the lease for holdover U&O: 150% the monthly rent, or $45,000 per month. (See S.J.C. 308 Lenox Ave. Family L.P. v Hendrix House Harlem, LLC, 2024 NY Slip Op 50909[U], at *2 [Sup Ct, NY County 2024].) Landlord now moves for a money judgment for $135,000, comprising unpaid U&O for May, June, and July 2024; and for a judgment of possession. The motion is granted.
DISCUSSION
Defendants do not dispute that they did not pay those three months of U&O, as directed in this court's order on motion sequence 001. They do not represent that they have since paid any U&O, or that they intend to do so going forward. Nor do they dispute that entry of both a money judgment and a judgment of possession are appropriate remedies when court-ordered interim U&O has gone unpaid. (See Rose Assocs. v Johnson, 247 AD2d 222, 223 [1st Dept 1998]; accord Park Terrace Gardens, Inc. v Penkovsky, 100 AD3d 577, 577 [1st Dept 2012].)
Instead, they argue, in essence, that they did not default on the lease, rendering the termination improper. In particular, they contend, in effect, that they were excused from having to pay rent under § 11.2 of the lease because landlord's acts and omissions led Con Ed to seize the premises' gas meter, resulting in a utility shutoff that made it impossible for defendants to build out the premises for its intended use as a restaurant. (See NYSCEF No. 52 at ¶¶ 8-11 [party affidavit]; NYSCEF No. 53 at 2 [mem. of law].)
As an initial matter, these arguments might be proper to raise in the context of a Yellowstone motion, or in seeking reargument or a stay of this court's prior U&O order; but they are not a basis to refuse altogether to pay court-ordered U&O absent reargument or a stay.
Regardless, the arguments are not supported by the provision of the lease on which defendants rely. Section 11.2 provides that "Landlord shall not be liable for any interruption or failure whatsoever in utility services and Tenant shall comply with all provisions of this Lease notwithstanding any such failure or interruption," except "to the extent of the acts or omissions of Landlord" or its agents/employees. (NYSCEF No. 5 at 8.) Defendants argue that they "were provided the subject premises with pre-existing issues with the utility company" of which they were not made aware; that they also had no idea "that Con Edison would immediately file a lawsuit against [landlord] in order to seize the Gas meter" for the premises; and that the resulting [*3]interruption in utility services for the premises is landlord's fault.[FN2]
(NYSCEF No. 52 at ¶¶ 8-10; NYSCEF No. 53 at 2-3.)
Defendants' argument based on the seized gas meter is unpersuasive. The underlying lease began in February 2023. (See NYSCEF No. 5 at 1.) Con Ed's proceeding in New York City Civil Court seeking seizure of the gas meter was not brought until several months later, in June 2023. (See NYSCEF No. 34.) Defendants do not explain what they did with respect to gas service in those four months. Additionally, the papers filed in support of the seizure request are not based on nonpayment of gas bills.[FN3]
Instead, they represent that there was no customer of record for the meter, that no one was paying for service supplied through that meter, and that no one had applied for service for the meter, either.[FN4]
(Id. at 8-9 ¶¶ 9, 16.) Defendants do not dispute the representations in Con Ed's seizure application. Nor do they say that they had attempted between February and June 2023 to apply for (or pay for) gas service from Con Ed for the premises but had been unsuccessful due to an act or omission of landlord—whether failing to pay a prior tenant's gas bill or otherwise.[FN5]

Defendants do argue that they have sought Con Ed records relating to the premises, and suggest that this court should not grant the requested relief before those records are available. But they do not explain why those records are necessary for them to be able to contend that the seizure of the gas meter was landlord's fault, rather than tenant's.
In short, defendants have not shown that they should be excused from having to pay rent under § 11.2 of the lease. And any such excuse would not be a valid reason to refrain from paying court-ordered U&O in any event.
Accordingly, it is
ORDERED that the branch of plaintiff's motion seeking a money judgment for unpaid U&O for May, June, and July 2024 is granted, and plaintiff is awarded a money judgment against defendants, jointly and severally, for $135,000, with interest on that sum running from July 30, 2024, plus costs and disbursements as taxed by the Clerk upon the submission of an appropriate bill of costs; and it is further
ORDERED that plaintiff may obtain a supplemental judgment against defendants for unpaid U&O accruing after July 2024, by motion on notice supported by proper proof; and it is further
ORDERED that the branch of plaintiff's motion seeking a judgment of possession for the premises is granted; and it is further
ADJUDGED that plaintiff is entitled to possession of the premises located at 308 Lenox Avenue as against defendants, and the Sheriff of the City of New York, County of New York, upon receipt of a certified copy of this Order and Judgment and payment of proper fees, is directed to place plaintiff in possession accordingly upon the expiration of 14 days from receipt of the Order and Judgment; and it is further
ADJUDGED that upon the expiration of 14 days from service of notice of entry of this Order and Judgment, landlord may exercise all acts of ownership and possession of the building located at 308 Lenox Avenue, New York, New York, including entry thereto, as against defendants; and it is further
ORDERED that the balance of the claims, counterclaims, and defenses in this action are severed and shall continue; and it is further
ORDERED that plaintiff shall serve a copy of this order with notice of its entry on all defendants by email, if available, and by certified mail, return receipt requested, directed to their respective last-known addresses; and on the office of the County Clerk (by the means set forth in the court's e-filing protocol, available on the e-filing page of the court's website, https://ww2.nycourts.gov/courts/ljd/supctmanh/E-Filing.shtml), which shall enter judgment accordingly.
DATE 1/17/2025

Footnotes

Footnote 1:The guarantee expressly makes guarantors responsible for obligations incurred by tenant during any holdover period (such as U&O). (See NYSCEF No. 6 at 2.)

Footnote 2:Defendant's counsel suggests in an attorney affirmation that the "issue" in question was that the "[g]as account on the premises had a large balance from a previous tenant." (NYSCEF No. 48 at ¶ 7.)

Footnote 3:This court may take judicial notice of this filing, the authenticity of which defendants do not dispute. (See RGH Liquidating Trust v Deloitte & Touche LLP, 71 AD3d 198, 207 [1st Dept 2009], revd on other grounds 17 NY3d 397 [2011].)

Footnote 4:Similarly, a notice dated July 11, 2023, apparently to be served on the premises tenant, states that "[t]his action is not being taken to terminate service" but only to recover the meter; and that there "is no customer on record for this meter and no one is paying for service on this meter." (NYSCEF No. 34 at 5.)

Footnote 5:The lease does not say that landlord is responsible for ensuring that a Con Ed account is opened for tenant. To the contrary, the lease, in addition to making tenant responsible for paying utilities, provides that "[w]herever possible, utility service shall be in Tenant's name and Tenant shall pay any deposits or 'hook up' fees therefor." (NYSCEF No. 5 at 8.)