■ COMPONENTS DIRECT, INC., et al., Appellants-Respondents, v EUROPEAN AMERICAN BANK AND TRUST COMPANY et al., Respondents-Appellants.—In an action, inter alia, to recover damages for breach of contract and fraudulent misrepresentation, (1) the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Copertino, J.), dated October 3, 1989, as granted those branches of the motion of the defendant European American Bank and Trust Company which were to (a) dismiss the first,

second, third, fourth, fifth, sixth, seventh, eighth, ninth, tenth and thirteenth causes of action to the extent they are asserted on behalf of the plaintiff corporation, and (b) dismiss the first, second and fourth causes of action to the extent they are asserted on behalf of the individual plaintiffs, (2) the defendant European American Bank and Trust Company cross-appeals from so much of the order as denied the remaining branches of its motion, and (3) the defendant Brout & Company cross-appeals, as limited by its brief, from so much of the order as denied those branches of its motion which were to dismiss the fourteenth and sixteenth causes of action to the extent that they are asserted on behalf of the plaintiff corporation.

Ordered that the order is modified, on the law, by (1) deleting from the first decretal paragraph thereof the words "first" and "second" and (2) deleting the second decretal paragraph thereof and substituting therefor a provision (a) granting those branches of the motion of the defendant European American Bank and Trust Company which were to dismiss the first, second, third, fourth, fifth, sixth, seventh, eighth, ninth, tenth and thirteenth causes of action insofar as they are asserted on behalf of Edward Bonlarron, (b) granting those branches of the motion which were to dismiss the first, second, and fourth causes of action insofar as they are asserted on behalf of the plaintiff Paula Bonlarron, and (c) denying the remaining branches of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

On May 2, 1984, the corporate plaintiff, Components Direct, Inc., by its president, Edward Bonlarron, entered into a revolving credit agreement, known as an Assigned Account Loan Agreement, with defendant European American Bank and Trust Company (hereinafter EAB). Under the agreement EAB agreed to extend a line of credit to the corporate plaintiff for its day-to-day business operations of up to 75% of certain eligible accounts assigned by it to EAB. To secure payment of the funds to be advanced, the plaintiffs Edward Bonlarron and Paula Bonlarron, in their individual capacities, executed a guarantee dated May 2, 1984, which is the same date as the loan agreement. In order to further secure payment, Mr. Bonlarron executed a series of security agreements in his capacity as president of the plaintiff corporation and as president of two other corporations not involved in this action.

Pursuant to the credit agreement, EAB advanced considerable funds to the corporate plaintiff, which subsequently de-

faulted in the payment of its debts. By letter dated January 26, 1987, the corporate plaintiff, through its president Edward Bonlarron, acknowledged a debt in the amount of $1,383,887.90. Without giving notice of its intention to terminate credit, EAB did so, allegedly resulting in the return, unpaid, of various checks issued by the corporate plaintiff to customers. EAB also acted to recoup the amounts loaned by seizing and selling the corporate plaintiff's assets and the personal assets of the Bonlarrons as guarantors of the loan. The plaintiffs allege that the default was caused by an overdraft on the credit available under the agreement and a subsequent "call" on the loans in an amount beyond their ability to pay. They allege that representatives of EAB had previously represented to them that EAB would not terminate credit because of the overdraft. The plaintiffs further alleged that the overdraft itself was caused by payment of a $550,000 tax liability on the advice of the corporate plaintiff's accountants, the defendant Brout & Company (hereinafter Brout).

The plaintiffs commenced this action by service of a summons and complaint containing 16 causes of action. The first through thirteenth causes of action were asserted against EAB, and the fourteenth, fifteenth and sixteenth causes of action were asserted against Brout.

The first and second causes of action alleged that EAB breached its obligation of good faith when it terminated credit to the corporate plaintiff without notice. The Supreme Court dismissed the two causes of action to the extent they were asserted on behalf of the corporate plaintiff on the ground that, under the loan agreement, funds were to be advanced to the corporate plaintiff "in the sole discretion" of the bank, that there was no provision for notice concerning the exercise of that discretion, and that notice did not go to the heart of the loan agreement. We disagree.

Implicit in all contracts is an implied covenant of fair dealing and good faith (see, Van Valkenburgh Nooger & Neville v Hayden Publ. Co., 30 NY2d 34; Kirke La Shelle Co. v Armstrong Co., 263 NY 79), and "the application of principles of good faith and sound commercial practice normally call for such notification of the termination of a going contract relationship as will give the other party reasonable time to seek a substitute arrangement" (UCC 2-309, Comment 8). The allegations in the complaint indicate that the corporate plaintiff depended on the funds available under the credit agreement for its existence. Indeed, it is alleged that the corporate plaintiff ceased to exist when EAB terminated credit. EAB

had an absolute right to terminate credit under the loan agreement. However, absent valid business reasons precluding EAB from doing so, the obligation of good faith would require a period of notice to allow the corporate plaintiff a reasonable opportunity to seek alternate credit *(see, K.M.C. Co. v Irving Trust Co.,* 757 F2d 752). Under the circumstances of this case, a covenant to give notice is inferred, "for any other construction would make the contract unreasonable and place one of the parties entirely at the mercy of the other" *(Wells v Alexandre,* 130 NY 642, 645). Furthermore, we note that the loan agreement was drafted by EAB and contains various notice provisions. If EAB desired to have the right to terminate credit without notice, it could have stated so expressly in the contract. We do not express any opinion on whether EAB had valid business reasons for terminating credit without notice, for that is an issue of fact which should be determined at the trial. We further note that the court properly dismissed the first and second causes of action with respect to the individual plaintiffs, because they could not, in their capacities as shareholders, assert causes of action on behalf of the corporate plaintiff.

The Supreme Court also sustained the causes of action designated third, fifth, sixth, seventh, eighth, ninth, tenth and thirteenth to the extent they asserted claims on behalf of the individual plaintiffs. It reasoned that although an exculpatory clause in the loan agreement is binding on the corporate plaintiff, and precludes it from maintaining the above-mentioned causes of action, it is not clear that the individual plaintiffs, in their capacity as guarantors, had agreed to be bound by the clause. We agree with the Supreme Court, for reasons stated in its memorandum decision, that the exculpatory clause is valid and enforceable and precludes the corporate plaintiff from maintaining the third through the tenth causes of action and the thirteenth cause of action against EAB. Further, contrary to the Supreme Court, we find that the exculpatory clause is also binding on the plaintiff Edward Bonlarron.

The guarantee executed by the individual plaintiffs is a separate instrument, and does not incorporate the provisions of the exculpatory clause found in the loan agreement. While a guarantee is a separate, independent contract between the guarantor and the creditor-obligee and is collateral to the contractual obligation between the creditor-obligee and the principal-obligor *(see, American Trading Co. v Fish,* 42 NY2d 20; *Fehr Bros. v Scheinman,* 121 AD2d 13), a guarantee in

writing and a principal contract are considered as one for the purpose of interpretation, where the guarantee is made at the time the principal contract is executed *(see, Catskill Natl. Bank v Dumary,* 206 NY 550; *Everson v Gere,* 122 NY 290). The guarantee and the loan agreement in this case are both dated May 2, 1984, and, in the absence of any evidence or allegation to the contrary, they must be considered as having been executed at the same time. Edward Bonlarron, a shareholder and a principal of the corporate plaintiff, executed the loan agreement on behalf of the corporation and is chargeable with knowledge of the contents of the loan agreement *(see, Pimpinello v Swift & Co.,* 253 NY 159). He is also a guarantor, and the fact that the guarantee does not incorporate the provisions of the exculpatory clause does not relieve him from the preclusive effect of the clause. "The signer of the guaranty was no stranger to the transaction, no unsuspecting volunteer" *(Burston v Garrett Bldg. Corp.,* 252 NY 230, 235) and "[a]n obligor writing such a guaranty with all the knowledge that this [guarantor] had of the principal transaction, will be held to strict performance [by the exculpatory clause]" *(Burston v Garrett Bldg. Corp., supra,* at 235). We conclude that Edward Bonlarron is bound by the exculpatory clause and is precluded from maintaining the causes of action denominated as third, fifth, sixth, seventh, eighth, ninth and tenth. In reaching this conclusion we are cautioned by the words of Chief Judge Cardozo: "We do better, however, not to generalize at all, since there may be a failure to make allowance for exceptional conditions of time or place or circumstance" *(Burston v Garrett Bldg. Corp., supra,* at 234). It is with this caution in mind that we agree with the Supreme Court that the plaintiff Paula Bonlarron is not precluded from maintaining these causes of action against EAB. It has not been alleged that she had any knowledge of the contents of the loan agreement. Nor is there any allegation that she was a signatory to the loan agreement or that she was a principal of the corporate plaintiff. Thus, while she may be barred from maintaining the stated causes of action in her capacity as a shareholder of the corporate plaintiff, she is not barred in her capacity as a guarantor.

We now turn to issues raised by Brout. Brout contends that the Supreme Court erred by denying dismissal of the fourteenth and sixteenth causes of action. Brout had sought dismissal of these causes of action pursuant to CPLR 3013 and CPLR 3211 (a) (7). We conclude that these causes of action were properly sustained by the Supreme Court.

In examining the sufficiency of a complaint, the challenged pleading is to be construed liberally *(see,* CPLR 3026). The pleading is deemed to allege whatever can be implied from its statements by fair and reasonable intendment *(see, Cohn v Lionel Corp.,* 21 NY2d 559; *Kain v Larkin,* 141 NY 144). Although the statements in pleadings are required to be factual, "a party may supplement or round out his pleading by conclusory allegations or by 'stating legal theories explicitly' if the facts upon which the pleader relies are also stated" *(Foley v D'Agostino,* 21 AD2d 60, 63, quoting Notes, First Preliminary Report of Advisory Committee on Practice and Procedure, at 63 [1957]). Any deficiency on the face of the complaint as to lack of details in pleading the facts and circumstances relied upon may be cured by affidavit submitted by the plaintiff, resort to which is proper for the limited purpose of sustaining a pleading against a motion to dismiss under CPLR 3211 (a) (7) *(see, Rovello v Orofino Realty Co.,* 40 NY2d 633; *Ackerman v Vertical Club Corp.,* 94 AD2d 665).

The complaint alleges that Brout negligently advised the corporate plaintiff to pay an outstanding tax liability. In his affidavit in opposition to Brout's motion, Edward Bonlarron stated that the overdraft on the line of credit was the result of Brout's advice, that such an overdraft would not have occurred if Brout had properly advised that a corporation expecting net operating loss carrybacks could seek an extension in the payment of its tax liability, that the Internal Revenue Service ultimately refunded the full amount of the tax paid, and that EAB terminated the corporate plaintiff's line of credit as a result of the overdraft. "A complaint should not be dismissed on a pleading motion so long as, when the plaintiff's allegations are given the benefit of every possible inference, a cause of action exists" *(Sanbar Projects v Gruzen Partnership,* 148 AD2d 316, 318).

We have considered the parties' other contentions and find them without merit. Thompson, J. P., Eiber, Balletta and Ritter, JJ., concur.