AMERITRUST COMPANY NATIONAL ASSOCIATION, First Interstate Bank of California, Morgan Guaranty Trust Company of New York, Bank of America N.T. & S.A., as successor to Security Pacific National Bank, and Signet Bank/Virginia, Plaintiffs,

v.

G. Blake CHANSLOR as Trustee of the G. Blake and June L. Chanslor Revocable Trust and G. Blake Chanslor, individually, Defendants.

No. 92 Civ. 4459 (RWS).

United States District Court, S.D. New York.

Oct. 14, 1992.

894

Kornstein Veisz & Wexler, New York City (Howard B. Levi, David S. Douglas, Laura Gilbert, of counsel), for plaintiffs.

Beigel & Sandler, New York City (Fran L. Rudich, of counsel), for· defendants.

## OPINION

SWEET, District Judge.

Defendant G. Blake Chanslor ("Chanslor"), individually and as trustee of the G. Blake and June L. Chanslor Revocable Trust (the "Trust"), has moved to dismiss to dismiss the complaint pursuant to Fed. R.Civ.P. 12(b) for lack of personal jurisdiction. For .the reasons given below, the motion is denied.

*The Facts*

The facts are assumed as set forth in the pleadings and complaint. Chanslor is one of the defendants in the lawsuit brought by Ameritrust Company National Association and others against investors who purchased partnership interests in limited partnerships offered by Integrated Resources and others. The interests were offered upon payment of a cash deposit and by delivery of a promissory note payable to

the Partnership. As part of a restructuring of the limited partnerships originally offered by Integrated, these promissory notes were assigned to Integrated's creditors, the plaintiffs in this case.

Chanslor, a citizen and resident of New Mexico, was solicited in 1987 to invest in a Connecticut limited partnership, Fillmore Pacific Associated Limited Partnership (the "Partnership"). After deciding to invest the assets of the Trust in the Partnership, Chanslor as trustee executed certain subscription documents, including investor notes (the "Notes") and Security Agreements. He personally executed a guaranty (the "Guaranty"), assuring the payments due from the Trust under the terms of the Notes.

The notes each bear a forum selection clause which designate New York as the forum state:

> Maker hereby agrees that any suit, action, or proceeding with respect to this Note, any amendments or replacements hereof, and any transactions relating hereto or thereto shall be brought only in the state courts of, or the federal courts in, the State of New York, and Maker hereby irrevocably consents and submits to the jurisdiction of such courts for the purpose of any such suit, action or proceeding.

> Maker hereby agrees that no other state or federal court may entertain any such suit, action or proceeding, and that the state courts of, and the federal courts in, the State of New York shall have exclusive jurisdiction....

> This Note ... shall be governed by ... the internal laws of the State of New York.

Two other documents—a Security Agreement (the "Security Agreement") and a subscription agreement (the "Subscription Agreement") contained similar clauses designating New York as the forum state. All the investment documents are governed by New York law, and the money to be paid by the Trust was due at a New York address specified in the Notes.

The Guaranty itself does not have a forum selection clause, but it does state that:

> The undersigned ("Guarantor") hereby unconditionally guarantees the full payment, performance and observance of all obligations, agreements, representations, and warranties of the G. Blake and June L. Chanslor Revocable Trust (the "trust"), an Investor, under the Trust's Investor Note, Security Agreement, Subscription Agreement and all other documents and agreement executed by the Trust in connection with its investment
> . . .
> This Guaranty is made as an inducement (i) to the Partnership to accept the Investor's Note, (ii) to Lender to accept the collateral represented by the Investor's note and ... (iii) to the General Partner of the Partnership to accept the Investor as an investor in the Partnership....

Chanslor signed the Guarantee in his own name, and signed all the other documents save the Guarantee in his capacity as trustee for the Trust.

Chanslor avers that all aspects of the transaction—receiving the offering materials, executing the documents, and so forth—were performed by him in New Mexico, that he personally has no contact with New York, and that the Guarantee does not subject him to the jurisdiction of this Court because there is no forum selection clause in the Guarantee itself, only in the Notes, the Security Agreements, and the Subscription Agreements.

*The Issue*

■ On a motion to dismiss, the factual allegations of the complaint must be accepted as true, *Dwyer v. Regan*, 777 F.2d 825, 828–29 (2nd Cir.1985), and the allegations in the complaint must be considered in the light most favorable to the moving party. Assuming, then, that as Chanslor claims he has no contacts with New York sufficient to give New York courts jurisdiction over the Guarantee signed in New Mexico, the sole question becomes whether the forum selection language is read into the Guaranty.

*The Terms of the Guarantee Subject Chanslor to the Jurisdiction of New York*

■ The Guarantee states that the guarantor unconditionally guarantees "the full

payment, performance and observation ... of all agreements ... of the Trust" executed in connection with the Notes, the Security Agreement, and the Subscription agreement. Since one of the Trust's obligations under these agreement was its consent to New York jurisdiction, the Guarantor's unlimited assumption of the Trust's obligations assumes this consent as well.

Should the language of the Guarantee not explicitly bind the Guarantor to the Trust's promise to submit to New York jurisdiction, however, since the documents were executed together, they should be interpreted the same way. The form-selection clause and the choice-of-law clause in the Notes apply New York contract law to the agreements, and, under the law of New York, "where two or more written instruments between the same parties concerning the same subject matter are contemporaneously executed, they will be read and interpreted together." *Liamuiga Tours v. Travel Impressions, Ltd.*, 617 F.Supp. 920 (E.D.N.Y.1985). This is especially true when the guarantee refers to the contract whose performance is guaranteed. 63 N.Y.Jur.2d, Guaranty and Suretyship, § 95 at 141–42 (1987).

The mere fact that the forum-selection clause is not present in the Guarantee does not mean that the Guarantee contradicts the other documents and does not raise a triable issue. However, the Guarantee is a form document and the Notes were specifically prepared for the transaction in question. Under these circumstances, the specific terms supplied by the Notes control and clarify the more general provisions of the Guarantee. *Teal v. Place*, 445 N.Y.S.2d 309, 311, 85 A.D.2d 788 (3d Dept.1981).

Even if New York law does not control the Guarantee, this general rule that guarantees and their underlying contracts must be read together is also the law in the state (New Mexico) where, according to the defendant, all the documents were signed. *Sunwest Bank of Clovis, N.A. v. Garrett*, 113 N.M. 112, 823 P.2d 912, 915 (1992). In the Tenth Circuit, a document need not explicitly incorporate by reference all the other pages in a packet for the whole to be effective. *Westinghouse Elec. Corp. v. Nielsons, Inc.*, 647 F.Supp. 896, 902 (D.C.Colo.1986).

*Due Process*

Finally, Chanslor argues that the enforcing New York as the forum selected is not consistent with due process "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice" because he has minimal contact with the state. *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (citations omitted); *Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 108, 107 S.Ct. 1026, 1030, 94 L.Ed.2d 92 (1987). Due process, however, turns on the foreseeability that "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1979). The forum-selection clauses combined with the notice that the place of payment of the Notes was New York city gave Chanslor ample notice that his Guaranty of the Trust's investment would subject him to litigation in New York.

*Conclusion*

By the terms of the agreement itself and by principles of contract interpretation common to both New York and New Mexico, Chanslor must submit to the jurisdiction of the federal courts in the state of New York. "There can be nothing 'unreasonable and unjust' in enforcing such an agreement; what would be unreasonable and unjust would be to allow one ... to disregard it." *AVC Nederland B.V. v. Atrium Inv. Partnership*, 740 F.2d 148, 156 (2d Cir.1984) (H. Friendly, J.).

It is so ordered.