■ CLOVINE ASSOCIATES LIMITED PARTNERSHIP, Respondent, v NEWTON C. KINDLUND, Individually and as Trustee of the NEWTON C. KINDLUND TRUST, Appellant. [621 NYS2d 606] —Order, Supreme Court, New York County (Seymour Schwartz, J.), entered on or about August 16, 1993, which, insofar as appealed from, denied defendant's motion to vacate a default judgment entered against him individually and as trustee of defendant trust, unanimously affirmed, with costs.

The IAS Court correctly held that the several instruments contemporaneously executed by the parties must be read together and interpreted as permitting the service of process by certified mail upon defendant in his individual as well as trustee capacity *(see, Ameritrust Co. v Chanslor,* 803 F Supp 893, 896). Defendant's discovery, after entry of the default judgment, that the original promissory note was lost does not require vacating the default judgment pursuant to CPLR 5015 (a) (2) since, assuming that the statute applies to default judgments, the fact that the note was lost would not have changed the result, plaintiff having satisfied its burden of explaining the note's loss, ownership and terms as required by UCC 3-804, and, moreover, defendant's discovery that the note was lost was not newly discovered evidence but rather a newly interposed theory of defense that could have been asserted prior to the entry of the default judgment *(see, Fidelity N. Y. v Hanover Cos.,* 162 AD2d 582, 583). Concur—Wallach, J. P., Rubin, Asch, Nardelli and Tom, JJ.