■ M. RASHID CHAUDHRY et al., Respondents, v ADEL R. ABADIR et al., Appellants. [692 NYS2d 399] —In an action, *inter alia*, to recover damages for fraud and conversion, the defendants appeal from an order of the Supreme Court, Westchester County (Nastasi, J.), entered September 23, 1998, which denied their motion pursuant to CPLR 3016 to dismiss the first cause of action contained in the complaint.

Ordered that the order is affirmed, with costs.

Upon our review of the complaint and all of the allegations subsumed under the first cause of action, we agree with the Supreme Court that it was not lacking in sufficient detail (*see,* CPLR 3016 [b]) and provides the defendants with notice of the transactions intended to be proven and the elements of the claims (*see,* CPLR 3013). Accordingly, the defendants' motion to dismiss the first cause of action was properly denied (*see generally, Foley v D'Agostino,* 21 AD2d 60, 64-65; *see also, Components Direct v European Am. Bank & Trust Co.,* 175 AD2d 227, 232). S. Miller, J. P., O'Brien, Ritter and Luciano, JJ., concur.

■ LISBETH COLLETT, Respondent, v TWC AMBULETTE et al., Respondents, and DANIEL WALCOTT, Appellant. [687 NYS2d 910] —In an action to recover damages for personal injuries, the defendant Daniel Walcott appeals from an order of the Supreme Court, Nassau County (O'Connell, J.), dated June 1, 1998, which denied his motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Ordered that the order is affirmed, with costs payable to the defendants-respondents.

The Supreme Court correctly denied the appellant's motion for summary judgment. The appellant testified that his vehicle was moving when it was struck from behind by a vehicle driven by the defendant Arthur Brand. However, Brand testified that the appellant's vehicle had stopped short. The conflicting testimony concerning the cause of the collision raises issues of fact concerning the reasonableness of the appellant's conduct and Brand's ability to avoid the collision (*see, Galitsis-Orengo v MCL Imports,* 251 AD2d 285). S. Miller, J. P., Ritter, Altman and H. Miller, JJ., concur.