█ BRAX CAPITAL GROUP, LLC, et al., Plaintiffs, and THE CROWN ADVISORS #3 et al., Respondents, v WINWIN GAMING, INC., Defendant, and ARTHUR PETRIE, Appellant. [922 NYS2d 43]—

Judgment, Supreme Court, New York County (Barbara R. Kapnick, J.), entered December 8, 2009, after a jury trial, to the extent appealed from as limited by the briefs, awarding the Crown plaintiffs the principal sum of $500,000 on a guarantee, unanimously affirmed, with costs.

Jurisdiction over defendant guarantor pursuant to CPLR 302 (a) (1) was established by a preponderance of the evidence at the hearing (*see Elm Mgt. Corp. v Sprung*, 33 AD3d 753, 754-755 [2006]). Defendant had made numerous telephone calls to an individual in New York to procure investors for a corporation that defendant chaired and in which he had substantial holdings; he had sent others to New York who acted on his behalf in dealing with investment bankers involved in obtaining financing for the corporation (*see East N.Y. Sav. Bank v Republic Realty Mtge. Corp.*, 61 AD2d 1001, 1002 [1978]). He was subject

to a forum selection clause in the notes underlying his guarantee (*see Ameritrust Co. N.A. v Chanslor*, 803 F Supp 893 [1992]). While defendant made the telephone calls and dispatched the agents in his capacity as a corporate executive, his corporate and personal roles in the transaction were intertwined. Defendant's attempts to distinguish *Ameritrust* are in vain, since the distinctions are without a difference. Whether a forum clause is permissive, as here, or mandatory, as in *Ameritrust*, is relevant only if an action is brought in a forum other than the one selected (*see Faberge USA, Inc. v Ceramic Glaze, Inc.*, 1988 WL 31853, *2, 1988 US Dist LEXIS 2469, *7 [SD NY 1988]). Contrary to defendant's contention, documents executed at about the same time and covering the same subject matter are to be interpreted together, even if one does not incorporate the terms of the other by reference, and even if they are not executed on the same date, so long as they are "substantially" contemporaneous (*Nau v Vulcan Rail & Constr. Co.*, 286 NY 188, 197 [1941]; *see Components Direct v European Am. Bank & Trust Co.*, 175 AD2d 227, 230-231 [1991]). The finding of jurisdiction did not violate defendant's right to due process, since his conduct and connection with this state were such that he should reasonably have anticipated being brought into court (*see World-Wide Volkswagen Corp. v Woodson*, 444 US 286, 292 [1980]).

There was no error in the jury charge, which substantially comported with defendant's request and was not prejudicial.

We have considered defendant's remaining contentions and find them unavailing. Concur—Tom, J.P., Andrias, Friedman, Abdus-Salaam and Román, JJ.