◼ OAK ROCK FINANCIAL, LLC, Respondent, v WILLIAM RODRIGUEZ, Appellant. [50 NYS3d 108]—

In an action to recover upon a guaranty, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendant appeals from (1) an order of the Supreme Court, Suffolk County (Pines, J.), dated January 22, 2015, which denied his motion pursuant to CPLR 3211 (a) (8) to dismiss the action for lack of personal jurisdiction, and (2) an order of the same court, also dated January 22, 2015, which granted the plaintiff's motion for summary judgment in lieu of complaint and directed that an inquest be held to determine the amount of the plaintiff's attorney's fees.

Ordered that the first order dated January 22, 2015, is affirmed, without costs or disbursements; and it is further,

Ordered that the second order dated January 22, 2015, is reversed, on the law, without costs or disbursements, the plaintiff's motion for summary judgment in lieu of complaint is denied, and the motion and answering papers are deemed to be the complaint and answer, respectively.

The plaintiff is a corporation headquartered in New York that is currently operating as a debtor in possession pursuant to Chapter 11 of the United States Bankruptcy Code. In July 2001, the plaintiff entered into a "Loan, Security and Service Agreement" (hereinafter the agreement) with nonparty Magic Moments, Inc., doing business as Platinum Acceptance (hereinafter Platinum), a California corporation. The agreement provided, among other things, that the plaintiff would loan money to Platinum on a revolving basis in an amount not to exceed a certain percentage of Platinum's "eligible receivables," that the plaintiff would send Platinum an invoice for interest on the revolving loan at the end of each calendar month, and that Platinum would be responsible for paying the plaintiff's attorney's fees in the event of a default. The agreement also provided: "This Agreement together with all assignments made hereunder shall be deemed made in New York and subject to the laws of the State of New York and Borrower consents to the jurisdiction of any State or Federal Court located within the State of New York." The defendant, a California resident, executed the agreement on Platinum's behalf as its president. Eight days later, the defendant executed a guaranty in his personal capacity and in favor of the plaintiff, in which he guaranteed, "unconditionally, the payment, when due, of each and every obligation, direct or contingent, now existing or hereafter arising, owing to you or any of your affiliates by [Platinum]." The guaranty did not expressly reference the agreement between the plaintiff and Platinum, or contain a clause consenting to the jurisdiction of New York courts.

Platinum allegedly defaulted under the terms of the agreement by maintaining a loan balance that exceeded the permissible percentage of its eligible receivables. As a result, in 2013, the plaintiff declared an event of default under the agreement and demanded that the total outstanding principal amount of the loan be paid. Platinum, which had ceased operations in 2012, failed to remit payment as demanded.

On June 10, 2014, the plaintiff commenced this action against the defendant by summons and motion for summary judgment in lieu of complaint to recover on the guaranty in the principal amount of $1,739,612.76, plus interest and attorney's fees. In support of its motion, the plaintiff submitted a copy of

the agreement, the guaranty, and an affidavit of its chief restructuring officer attesting to the outstanding principal amount of the loan. The defendant opposed the motion and moved pursuant to CPLR 3211 (a) (8) to dismiss the action for lack of personal jurisdiction. By separate orders, each dated January 22, 2015, the Supreme Court denied the defendant's motion to dismiss the action and granted the plaintiff's motion for summary judgment in lieu of complaint. The defendant appeals.

The Supreme Court properly denied the defendant's motion pursuant to CPLR 3211 (a) (8) to dismiss the action for lack of personal jurisdiction. "[A] party may agree by contract to submit to jurisdiction in a given forum and that such a forum selection clause, when it is part of the contract that forms the basis of the action, will be enforced, obviating the need for a separate analysis of the propriety of exercising personal jurisdiction" (*Packer v TDI Sys., Inc.*, 959 F Supp 192, 196 [SD NY 1997]; *see Burger King Corp. v Rudzewicz*, 471 US 462, 472 n 14 [1985]; *D.H. Blair & Co., Inc. v Gottdiener*, 462 F3d 95, 103 [2d Cir 2006]). Here, the underlying agreement between the plaintiff and Platinum contains a clause consenting to the jurisdiction of New York courts. Although the guaranty executed by the defendant does not contain a similar provision, generally, "documents executed at about the same time and covering the same subject matter are to be interpreted together, even if one does not incorporate the terms of the other by reference, and even if they are not executed on the same date, so long as they are 'substantially' contemporaneous" (*Brax Capital Group, LLC v WinWin Gaming, Inc.*, 83 AD3d 591, 592 [2011], quoting *Nau v Vulcan Rail & Constr. Co.*, 286 NY 188, 197 [1941]; *see Components Direct v European Am. Bank & Trust Co.*, 175 AD2d 227 [1991]). Contrary to the defendant's contention, the agreement and guaranty were executed sufficiently close in time and relate to the same subject matter, such that they should be interpreted together to determine the parties' intent to be bound by the forum selection clause (*see Brax Capital Group, LLC v WinWin Gaming, Inc.*, 83 AD3d at 592; *Ameritrust Co. Natl. Assn. v Chanslor*, 803 F Supp 893 [SD NY 1992]; *cf. Packer v TDI Sys., Inc.*, 959 F Supp 192 [1997]). Under these circumstances, we find that the defendant agreed to be bound by the forum selection clause consenting to the jurisdiction of New York courts (*see Brax Capital Group, LLC v WinWin Gaming, Inc.*, 83 AD3d at 592; *Ameritrust Co. Natl. Assn. v Chanslor*, 803 F Supp 893 [1992]). Moreover, we find that the forum selection clause was reasonably communicated to the defendant, that the clause was not the result of fraud or

overreaching, and that enforcement of the clause would not be unreasonable or unjust (*see D.H. Blair & Co., Inc. v Gottdiener*, 462 F3d at 103; *see also Phillips v Audio Active Ltd.*, 494 F3d 378, 383 [2007]). Additionally, enforcement of the forum selection clause against the defendant does not offend "traditional notions of fair play and substantial justice" as required by the Federal Due Process Clause (*International Shoe Co. v Washington*, 326 US 310, 316 [1945] [internal quotation marks omitted]; *see Ameritrust Co. Natl. Assn. v Chanslor*, 803 F Supp at 896).

However, the Supreme Court erred in granting the plaintiff's motion for summary judgment in lieu of complaint. Pursuant to CPLR 3213, a party may commence an action by motion for summary judgment in lieu of complaint when the action is "based upon an instrument for the payment of money only or upon any judgment." An instrument for the payment of money only is one that contains an "unconditional promise to pay a sum certain, signed by the maker and due on demand or at a definite [future] time" (*Weissman v Sinorm Deli*, 88 NY2d 437, 444 [1996]; *see Lawrence v Kennedy*, 95 AD3d 955, 957 [2012]). "[A] document comes within CPLR 3213 if a prima facie case would be made out by the instrument and a failure to make the payments called for by its terms" (*Weissman v Sinorm Deli*, 88 NY2d at 444 [internal quotation marks omitted]). However, "[t]he instrument does not qualify if outside proof is needed, other than simple proof of nonpayment or a similar de minimis deviation from the face of the document" (*id.*; *see Lawrence v Kennedy*, 95 AD3d at 957). Once the plaintiff establishes, prima facie, its entitlement to judgment as a matter of law, "the burden shifts to the defendant to establish, by admissible evidence, the existence of a triable issue with respect to a bona fide defense" (*Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro*, 25 NY3d 485, 492 [2015] [internal quotation marks omitted]).

Although an unconditional guarantee may qualify as an instrument for the payment of money only (*see e.g. Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro*, 25 NY3d at 491; *Bank of Am., N.A. v Solow*, 59 AD3d 304 [2009]; *European Am. Bank v Lofrese*, 182 AD3d 67 [1992]), here, neither the guaranty nor the underlying agreement relied upon by the plaintiff in support of its motion contains an unconditional promise to pay a sum certain, signed by the maker and due on demand or at a definite future time (*see Weissman v Sinorm Deli*, 88 NY2d at 444). Since proof outside of the guaranty and underlying agreement is

required to establish the amount of Platinum's obligation to the plaintiff pursuant to the agreement, the plaintiff's motion for summary judgment in lieu of complaint should have been denied, with the motion and answering papers deemed to be the complaint and answer, respectively (*see Engel v Boymelgreen*, 80 AD3d 653, 655 [2011]; *see also Bloom v Lugli*, 81 AD3d 579, 580 [2011]).

In light of our determination, we need not reach the parties' remaining contentions. Hall, J.P., Cohen, Barros and Connolly, JJ., concur.