American Infertility of N.Y., P.C. v Kushnir (2020 NY Slip Op 06044)





American Infertility of N.Y., P.C. v Kushnir


2020 NY Slip Op 06044


Decided on October 27, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 27, 2020

Before: Gische, J.P., Oing, Scarpulla, Mendez, JJ. 


Index No. 655306/18 Appeal No. 12208 Case No. 2020-02917 

[*1]American Infertility of New York, P.C., etc., Plaintiff-Appellant,
v
Vitaly A. Kushnir, M.D., Defendant-Respondent, Neway Fertility Corp., Defendant.


La Reddola, Lester & Associates, LLP, Garden City (Steven M. Lester of counsel), for appellant.
Johnson Liebman, LLP, New York (Charles D. Liebman of counsel), for respondent.



Order, Supreme Court, New York County (Melissa A. Crane, J.), entered June 3, 2020, which, insofar as appealed from, denied plaintiff's cross motion to convert defendant Vitaly A. Kushnir's motion to dismiss into a motion for summary judgment and upon doing so for partial summary judgment in plaintiff's favor, unanimously affirmed, without costs.
The court providently exercised its discretion in denying plaintiff's cross motion to convert defendant Kushnir's motion to dismiss into a summary judgment motion. While defendant's submission was significant, it hardly laid bare his proof since the only affidavit provided as part of the submission was his own, and it was not extensive (cf. Herlihy v Metropolitan Museum of Art , 214 AD2d 250, 255 [1st Dept 1995]; Capital Wireless Corp. v Deloitte & Touche , 216 AD2d 663, 665-666 [3d Dept 1995]). This is a fact-intensive case where the parties accuse one another of duplicity with respect to the administration of the malpractice policy. The parties contest the terms of defendant's job offer and whether the malpractice insurance was understood as a fringe benefit. No depositions were conducted. The so-ordered stipulation plaintiff claims that the parties agreed upon in order to enable the completion of discovery references the deposition of a single witness and says nothing about completing discovery. Thus, this is not a case "where both sides deliberately lay bare their proof" and make clear that they were "charting a summary judgment course" (Shah v Shah , 215 AD2d 287, 289 [1st Dept 1985]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 27, 2020