SHG Resources, LLC v SYTR Real Estate Holdings LLC (2022 NY Slip Op 00525)





SHG Resources, LLC v SYTR Real Estate Holdings LLC


2022 NY Slip Op 00525


Decided on January 27, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 27, 2022

Before: Kapnick, J.P., Gesmer, González, Kennedy, Shulman, JJ. 


Index No. 653930/19 Appeal No. 15176-15176A Case No. 2021-02206 

[*1]SHG Resources, LLC, Plaintiff-Respondent,
v
SYTR Real Estate Holdings LLC, Defendant, Shlomo Rechnitz, Defendant-Appellant.


Koffsky Schwalb LLC, New York (Efrem Schwalb and Tal Benschar of counsel), for appellant.
Dechert LLP, New York (Neil A. Steiner of counsel), for respondent.



Judgment, Supreme Court, New York County (O. Peter Sherwood, J.), entered December 18, 2020, against defendant Shlomo Rechnitz and in favor of plaintiff in the amount of $2,100,000, plus interest, for a total of $2,387,124.69, unanimously reversed, on the law, without costs, and the judgment vacated. Order, same court and Justice, entered March 4, 2020, brought up for review by the judgment, which denied defendants' CPLR 3211(a) motion to dismiss the complaint and granted plaintiff's motion for partial summary judgment to the extent of awarding it judgment against Rechnitz, unanimously modified, on the law, to deny plaintiff's cross motion for summary judgment as premature, with leave to resubmit upon joinder of issue, and otherwise affirmed, without costs.
The Court of Appeals has noted that the rule barring a pre-joinder motion for summary judgment is strictly applied (City of Rochester v Chiarella, 65 NY2d 92, 101 [1985]). While CPLR 3211(c) permits the court, on notice to the parties, to treat a motion to dismiss as a motion for summary judgment before issue is joined, that is not the case here, where SHG moved directly for summary judgment; thus, a motion for summary judgment brought before a defendant has answered the complaint is premature and must be denied (see Valentine Tr. v Kernizan, 191 AD2d 159, 161 [1st Dept 1993]).
SHG asserts that this is an exceptional case because it was one where "both sides make it unequivocally clear that they are laying bare their proof and deliberately charting a summary judgment course" (Four Seasons Hotels v Vinnik, 127 AD2d 310, 320 [1st Dept 1987]). Four Seasons, however, did not deal with a CPLR 3212 motion, as here.
With respect to jurisdiction, "documents executed at about the same time and covering the same subject matter are to be interpreted together, even if one does not incorporate the terms of the other by reference, and even if they are not executed on the same date, so long as they are 'substantially contemporaneous'" (Brax Capital Group, LLC v Win Win Gaming, Inc., 83 AD3d 591, 592 [1st Dept 2011]). Here, where the promissory note stated that it was "delivered in" New York and was signed by borrower SYTR's sole member (Rechnitz), who simultaneously gave a personal guarantee of SYTR's obligation that contained a binding consent to New York jurisdiction, SYTR "should reasonably have anticipated being brought into court" in New York (id. at 592). Supreme Court therefore had personal jurisdiction over SYTR. In any event, the plain language of the guarantee makes clear that: "This Note Guarantee is . . . in no way conditioned or contingent upon any attempt to collect from the Borrower or upon any other applicable condition or contingency." The guarantee further stated that: "The Guarantor hereby . . . waives . . . (d) demand for performance or observance of, and any enforcement of any provisions of, or any pursuit of exhaustion of rights or remedies against the Borrower, the Guarantor or any [*2]other Person under any of the Notes." The guarantee could therefore be enforced against guarantor Rechnitz, even without making borrower SYTR a party to the action.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 27, 2022