Adago v Sy (2023 NY Slip Op 02278)

Adago v Sy

2023 NY Slip Op 02278

Decided on May 02, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 02, 2023

Before: Kern, J.P., Oing, Kennedy, Shulman, Higgitt, JJ. 

Index No. 651241/21 Appeal No. 147-148 Case No. 2022-03074, 2022-03110 

[*1]Roberto Adago, Plaintiff-Respondent,
v
Abdou Rahmane Sy, et al., Defendants-Appellants. 

DL Partners, D'Agostino, Levine, Landesman, Lederman, Rivera & Miraglia, LLP, New York (Bruce H. Lederman of counsel) for appellants.
Bernadette Panzella, P.C., New York (Bernadette Panzella of counsel), for respondent.

Judgment, Supreme Court, New York County (Suzanne Adams, J.), entered June 27, 2022, in favor of plaintiff and against defendants in the amount of $641,033.40, and bringing up for review an order, same court and Justice, entered on or about June 17, 2022, which granted plaintiff's oral application for summary judgment on his claims for fraud, conversion and constructive trust, unanimously reversed, on the law, without costs, the judgment vacated, and the matter remanded for further proceedings in accordance with this Court's decision in Adago v Sy (205 AD3d 602 [1st Dept 2022]). Appeal from the order entered on or about June 17, 2022, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
During a hearing following remand to determine whether a memorandum of understanding was "permeated with fraud" so that its arbitration clause was void (Adago, 205 AD3d 602), plaintiff requested summary judgment on his claims against defendants and argued that defendants were in default.
The court erred in granting plaintiff summary judgment absent any motion made on notice pursuant to CPLR 3212, and before issue had been joined by service of an answer (see CPLR 3212[a]; City of Rochester v Chiarella, 65 NY2d 92, 101 [1985]; SHG Resources, LLC v SYTR Real Estate Holdings LLC, 201 AD3d 610, 611 [1st Dept 2022]). "[T]his is not a case where both sides deliberately lay bare their proof and make clear that they were charting a summary judgment course" pursuant to CPLR 3211(c) (American Infertility of N.Y., P.C. v Kushnir, 187 AD3d 629, 630 [1st Dept 2020][internal quotation marks omitted]). Even if, as plaintiff urges, the order actually granted him a default judgment against defendants since they had failed to answer at the time of the hearing, which was 22 days after this Court issued its order, which resulted in ending the stay of the action pending arbitration (Adago, 205 AD3d at 602), plaintiff failed to make a motion for a default judgment on notice to defendants, in compliance with CPLR 3215(c) and (g), and the order appealed from does not state that such relief was granted.
The matter is remanded for fact finding, based on the evidence proffered at the June 16, 2022 hearing, concerning the issue of whether the memorandum of understanding was permeated with fraud, so that arbitration of the claims against the corporate defendant may not be compelled, to the extent that issue has not become academic.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 2, 2023