Neighborhood Renewal Hous. Dev. Fund Corp. v Madrid (2024 NY Slip Op 50161(U))

[*1]

Neighborhood Renewal Hous. Dev. Fund Corp. v Madrid

2024 NY Slip Op 50161(U)

Decided on February 21, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 21, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Perez, JJ.

571038/23

Neighborhood Renewal Housing Development Fund Corporation, Petitioner-Landlord-Respondent,
against
Juan Madrid, Respondent-Tenant-Appellant.

Respondent appeals from (1) an order of the Civil Court of the City of New York, Bronx County (Krzysztof Lach, J.), dated November 25, 2022, which granted petitioner's motion for summary judgment of possession in a holdover summary proceeding and (2) an order (same court and Judge), entered August 28, 2023, which denied respondent's motion to renew and reargue the aforesaid order.

Per Curiam.
Appeal from order (Krzysztof Lach, J.), dated November 25, 2022, deemed an appeal from the final judgment (same court and Judge), entered on or about November 25, 2022, and so considered (see CPLR 5520[c]), final judgment reversed, with $30 costs, petitioner's motion for summary judgment denied and respondent's cross motion for leave to interpose an answer is granted. Appeal from order (Krzysztof Lach, J.), entered August 28, 2023, insofar as appealable, dismissed, without costs, as academic.
Civil Court erred in granting petitioner summary judgment before issue had been joined by service of an answer (see CPLR 3212[a]), a rule which is strictly applied (see City of Rochester v Chiarella, 65 NY2d 92, 101 [1985]; Adago v Sy, 216 AD3d 402 [2023]). While CPLR 3211(c) permits the court, on notice to the parties, to treat a motion to dismiss as a motion for summary judgment before issue is joined, that is not the case here, where petitioner moved directly for summary judgment. A motion for summary judgment brought before a respondent has answered is premature and must be denied (see SHG Resources, LLC v SYTR Real Estate Holdings LLC, 201 AD3d 610, 611 [2022]).
Nor was this the exceptional case where "both sides make it unequivocally clear that they are laying bare their proof and deliberately charting a summary judgment course" (Four Seasons Hotels v Vinnik, 127 AD2d 310, 320 [1987]), since "Four Seasons . . . did not deal with a CPLR [*2]3212 motion, as here" (SHG Resources, LLC v SYTR Real Estate Holdings LLC, 201 AD3d at 611). Given that we are reversing on prematurity grounds, we decline to address the respondent's additional arguments relating to this order.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: February 21, 2024